# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>    Plaintiff,<br><br>    v.<br><br>J. BEARD, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00987-DAD-BAM-PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.  Procedural History**

This action proceeds on the complaint filed June 29, 2015. Plaintiff is proceeding against defendant CDCR officials on claims of violations of the Eighth Amendment, Americans with Disabilities Act (ADA), Rehabilitation Act (RA), and unconstitutional policy and practice in violation of the Eighth Amendment. Plaintiff's claims stem from the denial of his requests for single cell status based on his diagnosis of Post Traumatic Stress Disorder (PTSD). On July 8, 2015, the Court screened Plaintiff's complaint and found that Plaintiff failed to state a cognizable claim for relief. (ECF No. 7.) Plaintiff filed a motion for reconsideration of the screening order, and on September 2, 2015, an order was entered by the District Court, granting in part the motion

1

for reconsideration. The District Court found that Plaintiff stated an Eighth Amendment claim against the Defendants who denied him single cell status, as well as claims pursuant to the ADA and RA. Plaintiff also stated a claim against Defendant CDCR Secretary Beard for promulgation of an unconstitutional policy. (ECF No. 12.)

## II.     Complaint

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Substance Abuse Treatment Facility at Corcoran (SATF), brings this action against correctional officials employed by the CDCR at CSP Lancaster, CCI Tehachapi, and SATF.[1] Plaintiff also names as Defendants former CDCR Secretary J. Beard, Deputy CDCR Director J. Lewis, Chief, Office of Appeals R. L. Briggs. Plaintiff names the following Defendants at CSP Lancaster: Dr. O. Liflyandsky, M.D.; Dr. C. Cornell Psy. D.; Dr. R. Kendall, Psy. D.; Dr. B. Zager, Psy. D.; Dr. Acosta, Psy. D. Plaintiff names the following Defendants at CCI Tehachapi: Warden K. Holland; Chief Deputy Warden R. Groves; Associate Warden C. Schuyler; Captain J. Jones; Dr. M. Naficy; Correctional Counselor II A. Guerrero; Dr. A. Aithal, Psy. D.; Dr. J. Seymour, Psy. D.; Social Worker A. Carrizales; Correctional Counselor I J. Woodard. Plaintiff names the following Defendants at SATF: Captain M. Pallares; Correctional Counselor II Fisher; Correctional Counselor I S. Hernandez; Dr. A. Grimmig, Psy. D.

Plaintiff alleges that from October 8, 2009, to May 12, 2015, while he was housed at CSP Lancaster, CCI Tehachapi, SATF, he made numerous requests to be housed in a single cell. Plaintiff alleges that he suffers from PTSD, and, as a result, has had problems with cellmates, often resulting in violence. Plaintiff has explained to mental health staff his diagnosis and the resulting problems that he has had with his cellmates, and requested single cell housing to accommodate his PTSD. Each of Plaintiff's requests was denied on the ground that staff have been directed to refrain from making housing recommendations due to overcrowding.

---

[1] In the order granting in part Plaintiff's motion for reconsideration, the District Court held that the claims arising at CSP Lancaster are substantially related to those from CCI and SATF. The CSP Lancaster claims are therefore before the Court.

### III. Analysis

#### A. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041. 1045 (9th Cir. 2006)(citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981))(quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045(citing Rhodes, 452 U.S. at 347)(quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000)(quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eight Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

In the order granting Plaintiff's motion for reconsideration, the District Court held that there is no requirement of prior serious violence against a mentally disabled inmate seeking single cell status for that plaintiff to state a cognizable Eighth Amendment claim when there is a future risk of serious harm to the plaintiff or his cell mate due to the disability. See Johnson v. CDCR, 2014 WL 653958, at *6 (E.D. Cal. Feb. 19, 2014), report and recommendation adopted, 2014 WL 1600444 (E.D. Cal. April 18, 2014). The District Court held that PTSD can be the

1  mental disability that is the impetus for single-cell status being medically necessary. See
2  Pearson v. California, 2014 U.S. Dist. LEXIS, 58232, at *2 (E.D. Cal. April 25, 2014), report
3  and recommendation adopted, 2014 U.S. Dist. LEXIS 70746 (E.D. Cal. May 22, 2014). See also
4  Gonzalez v. Zika, 2012 U.S. Dist. LEXIS 51723 (N.D. Cal. April 22, 2012)(finding that plaintiff
5  stated a cognizable claim for deliberate indifference to serious medical needs in violation of the
6  Eighth Amendment when PTSD-diagnosed plaintiff alleged that doctors refused to recommend
7  that he be placed in single-cell because of pressure from custody staff to limit recommendations
8  for single-cell status for mentally ill inmates in order to preserve cell spaces).  The District Court
9  held that like the plaintiffs in Johnson, Pearson, and Gonzalez, Villery has stated a cognizable
10 claim for deliberate indifference to his serious medical needs, which includes serious mental
11 health needs, in violation of the Eighth Amendment for his need for single-cell status due to his
12 PTSD and the subsequent potential for serious harm to himself or his cellmates. See Estelle v.
13 Gamble, 429 U.S. 97, 104 (1976); Doty v. County of Lassen, 378 F.3d 540, 546 (9th Cir. 1994).
14 Plaintiff therefore states a claim for relief against those Defendants who knew of his PTSD and
15 refused to authorize his single cell status.

16      Plaintiff names twenty-two individual Defendants in this action.  The Civil Rights Act
17 under which this action proceeds provides for liability for state actors that cause "the deprivation
18 of any rights, privileges, or immunities secured by the Constitution."  42 U.S.C.§ 1983.  The
19 statute plainly requires that there be an actual connection or link between the actions of the
20 defendants, and the deprivation alleged to have been suffered by the plaintiff. See Monell v.
21 Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth
22 Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,
23 within the meaning of section 1983, if he does an affirmative act, participates in another's
24 affirmative acts, or omits to perform an act which he is legally required to do that causes the
25 deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
26 Plaintiff may not hold all of the Defendants liable by simply alleging that he was denied single
27 cell status.  Plaintiff must allege facts, liberally construed, indicating that each Defendant knew
28 of Plaintiff's condition and was deliberately indifferent to it.

Plaintiff's specific references to the individual Defendants in the complaint follow.  On September 25, 2013, Dr. Acosta told Plaintiff that Dr. Kendall had sent an e-mail to staff instructing them to refrain from making any housing recommendation based on overcrowding.  Plaintiff filed a grievance, which was denied by Dr. Kendall and Dr. Zager, and Dr. Cornell, and denied upon further review by Dr. Liflyandsky and Deputy CDCR Director Lewis.   (Cmpl. ¶ 57.)

Between January 6, 2014, and July 8, 2014, Plaintiff spoke to Defendant Carrizales on four occasions, "repeatedly" describing to Carrizales the problems he was experiencing with other inmates.  Carrizales refused to make any housing recommendation. (Id. ¶ 62.)  Plaintiff spoke to Defendant Naficy on five occasions, explaining his PTSD and problems with cellmates.  Naficy refused to make a housing recommendation. (Id.)

On January 22, 2014, Plaintiff was interviewed by Defendant Jones regarding Plaintiff's need for single cell housing based on Plaintiff's PTSD.  Jones denied Plaintiff's request.  (Id. ¶ 63.)  On January 29, 2014, Plaintiff met with Defendant Aithal, describing his problem and requesting single cell status.  The request was denied. (Id. ¶ 65.)   On the same day, Plaintiff's Institutional Classification Committee (ICC), composed of Defendants Jones, Guerrero and Woodard, refused to approve Plaintiff for single cell housing, despite knowing about his PTSD.  (Id.)   Plaintiff filed a grievance regarding the denial, which was denied at various levels by Defendants Guerrero, Schuyler, Groves, Allen and Briggs.  (Id. ¶ 66.)

On July 25, 2014, Plaintiff was seen by Defendant Seymour.  Plaintiff explained his problems to Defendant Seymour, who refused to make a recommendation for single cell housing. (Id. ¶ 71.)

On January 22, 2015, Plaintiff appeared before the SATF ICC, comprised of Defendants Pallares and Hernandez.  Plaintiff explained his ongoing problems with his cellmates due to his condition.  Pallares and Hernandez refused Plaintiff's request for a single cell.  (Id. ¶ 74.)

On May 6, 2015, Plaintiff explained his problems to Defendant Grimmig.  Grimmig denied Plaintiff's request to recommend single cell housing. (Id, ¶ 78.)

As to Defendants Kendall, Acosta, Jones, Naficy, Guerrero, Aithal, Seymour, Carrizales,

5

Woodard, Pallares, Hernandez and Grimmig, Plaintiff has alleged facts indicating that they were aware of Plaintiff's PTSD and need for single cell housing, and denied Plaintiff's request. Plaintiff has therefore stated a claim for relief against these Defendants under the Eighth Amendment.

### B. ADA/RA

In the order granting in part the motion for reconsideration, the District Court held that at the pleading stage, Plaintiff's allegations are sufficient to support a plausible claim that he had a disability within the meaning of the ADA and RA. The Court noted that "[T]his is just like the allegations in Johnson, where the Plaintiff sufficiently alleged that the failure to place Plaintiff in single-cell status did not accommodate his mental disability, and prison officials denied such placement based on his medical condition." (ECF No. 12 at 6:22-23.) The Court therefore granted Plaintiff's motion with respect to the ADA and RA claims.

The Court notes that Plaintiff has named the Defendants in their individual capacities. Plaintiff is advised that "[A] plaintiff cannot bring an action under 42 U.S.C. 1983 to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). ADA and RA claims are brought against a public entity or the appropriate state official in his or her official capacity rather than against individuals in their personal capacities. Here, Plaintiff names the Defendants in this action in their individual capacities. (Cmpl. ¶ 1.)

A plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in his individual capacity to vindicate rights created by Title II of the ADA. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir.2002). Plaintiff may sue only a "public entity" for such violations, not government officials in their individual capacities. See Vinson v. Thomas, 288 F.3d 1145, 1155–56 (9th Cir.2002). The proper defendant for an ADA claim is the public entity responsible. Gonzalez v. Dept. (Bureau) of Real Est., 2016 WL 374572, at *4 (E.D. Cal. Feb. 1, 2016). Further, Plaintiff may not bring a § 1983 claim against the individual Defendants in their official capacities to vindicate rights created by the ADA. Okwu v. McKim, 2:10-CV-0653-GEB-KJM, 2011 WL 219565, at *5 (E.D. Cal. Jan. 19, 2011) aff'd, 682 F.3d 841 (9th Cir. 2012). "When

both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." Center for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008). However, an ADA plaintiff may seek injunctive relief against an individual defendant only if the defendant is sued in his or her official capacity. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003).

### C. Grievance Process

In the order dismissing the original complaint, Plaintiff was advised that Defendants' actions in responding to Plaintiff's inmate grievances alone cannot give rise to any claims for relief under section 1983. As to Defendants Lewis, Liflyandsky, Zager, Schuyler, Groves, Allen, and Briggs, the only conduct charged to them is their participation in reviewing Plaintiff's inmate grievances. Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of an alleged violation, or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014). In order to hold these Defendants liable, Plaintiff must allege facts as to each Defendant indicating that they knew of and disregarded Plaintiff's PTSD. Plaintiff has failed to do so here. These Defendants should therefore be dismissed.

### D. Unconstitutional Policy

In the order granting in part the motion for reconsideration, the District Court held that Plaintiff had alleged specific and detailed facts to support a claim that a policy was in place that denied singe cell housing for inmates with serious mental disorders. (ECF No. 12 at 7:8.) In his complaint, Plaintiff specifically alleges that "Defendants CDCR and Jeffrey Beard have promulgated policies that fail to recognize PTSD as a circumstance requiring single cell housing." (Cmpl. ¶ 91.) Plaintiff has therefore stated a claim for relief against Defendant Beard for promulgating an unconstitutional policy.

### E. Defendant CDCR

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has

long been construed to extend to suits brought against a state by both its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989). The California Department of Corrections and Rehabilitation, as an agency of the state of California, is therefore entitled to dismissal based on the Eleventh Amendment.

**F.  Supervisory Liability**

The remaining Defendant, Defendant CCI Warden K. Holland, cannot be held liable for the actions of her subordinates. Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state claim for relief under section 1983, Plaintiff must link Warden Holland with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff has failed to do so here. Warden Holland should therefore be dismissed.

**IV.  Conclusion and Order**

Plaintiff's complaint states a cognizable claim against Defendants Kendall, Acosta, Jones, Naficy, Guerrero, Aithal, Seymour, Carrizales, Woodard, Pallares, Hernandez and Grimmig on his Eighth Amendment claim. To proceed against these Defendants on his ADA/RA claims, Plaintiff must name them in their official capacity in an amended complaint. Plaintiff states a claim against Defendant Beard for promulgation of an unconstitutional policy or

practice.  Plaintiff fails to state a claim for relief against the remaining Defendants.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Kendall, Acosta, Jones, Naficy, Guerrero, Aithal, Seymour, Carrizales, Woodard, Pallares, Hernandez and Grimmig on his Eighth Amendment claim and against Defendant Beard on his claim of an unconstitutional policy, Plaintiff may so notify the Court in writing.  The Court will then recommend that the other defendants be dismissed for failure to state a claim.  Plaintiff will then be provided thirteen summons and thirteen USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Kendall, Acosta, Jones, Naficy, Guerrero, Aithal, Seymour, Carrizales, Woodard, Pallares, Hernandez, Grimmig, and Beard.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678-679; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . Twombly, 550 U.S. at 555 (citations omitted).  The mere possibility of misconduct is insufficient to state a claim.  Iqbal, 556 U.S. at 678.  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 1467, 1474 (7th Cir. 2007)(no "buckshot" complaints).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

        a.      File a first amended complaint curing the deficiencies identified by the Court in this order or,

        b.      Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants Kendall, Acosta, Jones, Naficy, Guerrero, Aithal, Seymour, Carrizales, Woodard, Pallares, Hernandez, Grimmig and Beard on his Eighth Amendment and policy; and

       3.      If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **April 8, 2016**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE