# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>Defendants. | Case No. 1:15-cv-00987-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S EMERGENCY MOTION FOR WRIT UNDER THE ALL WRITS ACT<br><br>[ECF No. 57] |

Plaintiff Jared M. Villery is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's emergency motion for an extraordinary writ under the All Writs Act, 28 U.S.C. §1651, filed on January 19, 2018. (ECF No. 57.)

**I.    Emergency Motion for Writ of Mandamus**

Plaintiff seeks an emergency writ to be issued on Defendant Scott Kernan to enjoin prison officials from transferring Plaintiff to a different institution. Plaintiff is currently housed at Mule Creek State Prison, and asserts that he has been notified of an impending transfer to an institution in Corcoran or Corona, California. Plaintiff argues that if he is transferred, this will interfere with his ability to prosecute his case, because he will be housed too far away from his current retained expert witness, Dr. Mariposa McCall. Plaintiff declares in support that Dr. McCall is unable to travel outside of the Northern California area to work on his case, and is unable to work on his matter until

1

the end of February of this year. Thus, he argues that this transfer will deprive him of his expert witness.

## II. Legal Standards

Under 28 U.S.C. § 1361, district courts have original jurisdiction to issue writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is an extraordinary writ, and is issued only when: (1) the plaintiff's claim is "clear and certain;" (2) the defendant official's duty to act is ministerial and "so plainly prescribed as to be free from doubt;" and (3) no other adequate remedy is available. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). The Court does not have jurisdiction to issue a writ of mandamus to command an action or inaction by a state or its agencies. *See, e.g.*, *Demos v. U.S. Dist. Court for Eastern Dist. of Wash.*, 925 F.2d 1160 (9th Cir.1991).

## III. Discussion

Here, Plaintiff seeks for the Court to issue a writ enjoining California Department of Correction and Rehabilitation ("CDCR") officials from transferring him to a different housing location, which is beyond the scope of the Court's jurisdiction. Furthermore, Plaintiff does not seek to compel a non-discretionary, ministerial act, but rather seeks for this Court to interfere with CDCR's prison administration in determining the housing of a prisoner. That relief is outside of the scope of this action, and beyond the scope of the writ relief sought by Plaintiff. Although the Court understands that Plaintiff anticipates difficulties in working with his preferred expert witness due to a housing transfer, he has no constitutional right to be housed in a particular facility of his choice. *See Meachum v. Fano*, 427 U.S. 215, 255 (1976); *McCune v. Lile*, 536 U.S. 24, 38 (2002). The placement of inmates in particular housing is a security issue that the Court may not intercede in by a writ of mandamus.

## IV. Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's emergency motion for a writ under the All Writs Act (ECF No. 57) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14)**

**days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 24, 2018**          /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE