# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00987-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF JULY 25, 2017 SCREENING ORDER<br><br>[ECF No. 65] |

Plaintiff Jared M. Villery is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.  Background

Plaintiff filed this action on June 29, 2015. (ECF No. 1.) On July 8, 2015, the then-assigned Magistrate Judge screened Plaintiff's original complaint and found that Plaintiff failed to state a cognizable claim for relief. (ECF No. 7.) Plaintiff filed a motion for reconsideration of the screening order. (ECF No. 10.) While that motion was pending, the then-assigned Magistrate Judge retired from the bench, and the undersigned was assigned to this matter.

On September 2, 2015, the then-assigned District Judge granted Plaintiff's motion for reconsideration in part. The Court's July 8, 2015 screening order and certain other proceedings were

1

vacated, and the matter was referred to the undersigned for further proceedings. Shortly thereafter, the currently-assigned District Judge was appointed, and this matter was re-assigned to him. (ECF No. 12.)

Following the resolution of several motions, on April 8, 2016, the Court issued a screening order finding certain claims in Plaintiff's original complaint cognizable, and ordering Plaintiff to either file an amended complaint, or notify the Court of his willingness to proceed only on the cognizable claims. (ECF No. 19). Plaintiff then moved for an extension of time to amend his complaint (ECF No. 20), which was granted, (ECF No. 21.) Plaintiff filed a first amended complaint on June 16, 2016. (ECF No. 22.)

On July 5, 2017, the Court screened Plaintiff's first amended complaint and issued findings and recommendations. (ECF No. 25.) The Court found that Plaintiff states a cognizable claim against Defendants Kendall, Acosta, Naficy, Jones, Guerrero, Aithal, Seymour, Carrizales, Woodard, Pallares, Hernandez, Fisher, Grimmig, and Miranda for deliberate indifference in violation of the Eighth Amendment, and against Defendants Beard and Kernan for promulgation of a policy to deny single cell housing for inmates with serious mental disorders, in violation of the Eighth Amendment. (*Id*.) The policy was specifically described as pressuring mental health staff not to recommend single cell housing due to overcrowding. (*Id*. at 5, 6, 9, 10, 12 (citing ECF No. 12, at 7-8).) The Court further recommended dismissal of certain other defendants and claims for the failure to state a claim upon which relief may be granted. (*Id*.) No objections were filed, and on October 23, 2017, the findings and recommendations were adopted in full. (ECF No. 36.)

Three months later, on January 30, 2018, the Court held a second informal telephonic discovery conference in this matter. (ECF No. 60.) At the conference, Plaintiff contended that he understood his claim against Defendants Beard and Kernan also to involve an additional policy-related challenge to a policy against single cell status unless the inmate is subjected to in cell violence. The Court permitted Plaintiff an opportunity to file a motion for reconsideration of the Court's July 5, 2017 screening order regarding this issue. (ECF No. 61.)

On February 9, 2018, Plaintiff filed a motion for reconsideration. (ECF No. 65.) On February 22, 2018, Defendants filed an opposition to Plaintiff's motion for reconsideration. (ECF No. 66.) No reply being permitted, the motion is now deemed submitted. Local Rule 230(l).

**II.      Discussion**

Under Federal Rule of Civil Procedure 60(b), a party seeking reconsideration from an order may be relieved by demonstrating: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief. Local Rule 230(j)(3) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances [ ] claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Motions for relief pursuant to Rule 60(b) are addressed to the sound discretion of the district court. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). However, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Additionally, the motion may not raise new arguments or present evidence that could reasonably have been raised earlier in the litigation. *Id.* (quoting *Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

In this case, Plaintiff argues that the Court improperly analyzed his allegations in a manner that constitutes clear error. Plaintiff asserts that in addition to his claim that there was a policy to pressure mental health staff not to recommend single cell housing due to overcrowding, he also alleged that the only exception was when a prisoner had been subjected to in-cell violence. Plaintiff argues that the relevant written policy on single-cell status is set forth in Title 15 CCR § 3269, which provides as follows:

> Single cell status shall be considered for those inmates who demonstrate a history of in-cell abuse, significant in-cell violence towards a cell partner, verification of

3

> predatory behavior towards a cell partner, or who have been victimized in-cell by another inmate. Staff shall consider the inmate's pattern of behavior, not just an isolated incident. An act of mutual combat in itself does not warrant single cell status. The following factors must be considered when evaluating single cell status, noting these factors are not exclusive of other considerations:
> (1) Predatory behavior is characterized by aggressive, repeated attempts to physically or sexually abuse another inmate.
> (2) Documented and verified instances of being a victim of in-cell physical or sexual abuse by another inmate

15 CCR § 3269(d). Plaintiff argues that although the policy states that these factors are not exclusive of other considerations, in practice CDCR staff refuses to consider any other factors when evaluating an inmate's need for single-cell housing. Further, Plaintiff asserts that although other sections of this regulation provide that the classification committee shall consider recommendations by clinical staff for single cell status due to mental health or medical concerns, the unwritten policy at issue in this case effectively nullifies these provisions. (ECF No. 65 p.4.) *See* 15 CCR § 3269(f) (discussing clinical staff recommendations for single cell status).

According to Plaintiff, the overall effect of the policies at issue here is that, regardless of an inmate's mental health needs, staff will neither recommend nor approve single cell status for an inmate unless he has experienced a documented history of significant in-cell abuse or violence, which excludes an inmate's PTSD symptoms from being considered. In sum, Plaintiff argues that his claim is that the policies at issue result in an inmate's PTSD mental health symptoms being ignored during the housing classification process until after the inmates has suffered significant in-cell violence of abuse, in violation of the Eight Amendment.

Defendants oppose Plaintiff's motion, arguing that the Court properly found only one cognizable policy claim for the implementation of an alleged policy to pressure mental health staff not to recommend single cell housing due to overcrowding, and that Plaintiff fails to state any additional policy claim. Defendants further argue that to the extent Plaintiff seeks to sue any particular individuals for not properly following the written policies in practice, he has not alleged facts linking any individuals to this claim. Finally, Defendants argue that to the extent Plaintiff seeks to bring a claim on behalf of other inmates or to enact a statewide policy change, he cannot do so.

4

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 677-78. Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

In this case, the Court found that Plaintiff alleged sufficient facts to show that Defendants Beard and Kernan were responsible for implementing a policy that denies single-cell housing to inmates with serious mental disorders because of overcrowding in the prison. The facts included allegations that sometime around September 25, 2013, Defendant Kendall forwarded an email to all

5

mental health staff at LAC instructing them to refrain from making single cell housing recommendations due to overcrowding. (First Am. Compl., ECF No. 22, at ¶ 46.) Plaintiff further alleged that Defendant Acosta spoke with him about the email, and described a policy being dictated from custody staff, and that "CDCR was putting pressure on mental health staff due to overcrowding." (*Id*.) Likewise, Plaintiff alleged that sometime in 2014, Defendant Carrizales told him at CCI that custody staff had instructed mental health staff to refrain from making any housing recommendations due to overcrowding. (*Id*. at ¶ 57.) Plaintiff also alleged that he met with Defendant Grimmig on May 6, 2015, and she stated that mental health staff at CSATF would not make any housing recommendations for single cell housing because custody staff instructed them not to due to overcrowding. (*Id*. at ¶ 83.) Based on these allegations and the September 2, 2015 order granting in part Plaintiff's motion for reconsideration, the Court found that Plaintiff stated a claim against Defendants Beard and Kernan for promulgation of a policy to deny single cell housing for inmates with serious mental disorders due to overcrowding.

Now Plaintiff is arguing that despite the written regulations on the issue, an unwritten policy exists to limit staff's consideration of inmates for single cell status only to those who demonstrate a history of significant in-cell abuse or violence, to the exclusion of all other factors. Plaintiff has not alleged sufficient facts showing the implementation of this policy in this case. (ECF No. 22.) In support of his argument, Plaintiff cites his conclusory assertions that after an inmate has perpetrated or suffered serious bodily harm, or have inflicted such harm on other inmates, this will be considered in determining whether they will be given single cell housing. (FAC ¶¶ 99-100.) These allegations are not factual, nor are they sufficient to support Plaintiff's argument that he sufficiently pleaded that staff was not following regulations and were not considering any factors other than a significant history of in-cell violence. Plaintiff also cites his allegations that Defendant Fisher told him that he required an extensive, documented pattern of violence against cellmates for a single-cell housing recommendation, but while this single statement by a counselor may show the counselor's consideration of violence in making housing recommendations, it is not sufficient to show the existence of a policy.

In sum, the Court does not find sufficient factual allegations in the first amended complaint to support the second policy claim that Plaintiff asserts in his motion for reconsideration, nor does it find any grounds to reconsider its prior screening order. Plaintiff not having met his burden to show grounds for reconsideration, his motion will be denied.

### III. Conclusion

For the reasons explained above, Plaintiff's motion for reconsideration of the Court's July 5, 2017 screening order is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **March 14, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE