UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants. | No. 1:15-cv-00987-DAD-BAM<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION IN PART</u><br><br>(Doc. Nos. 62, 111, 113, 114, 115, 117) |

Plaintiff Jared M. Villery is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This case proceeds on plaintiff's claim against defendants Kendall, Acosta, Naficy, Jones, Guerrero, Aithal, Seymour, Carrizales, Woodard, Pallares, Hernandez, Fisher, Grimmig, and Miranda for deliberate indifference in violation of the Eighth Amendment, and against defendants Beard and Diaz for promulgation of a policy to deny single cell housing for inmates with serious mental disorders, in violation of the Eighth Amendment. Plaintiff's claims arise out of allegations that he developed Post-Traumatic Stress Disorder ("PTSD") while in the custody of the California Department of

/////

1

Corrections and Rehabilitation ("CDCR"). Plaintiff claims that at multiple institutions and over several years, his PTSD was not properly considered by prison officials in determining his housing status.

On February 2, 2018, plaintiff filed a motion for a preliminary injunction, seeking an order directing the Secretary of CDCR to house him in a single-occupancy cell. (Doc. No. 62.) On November 30, 2018, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's request for preliminary injunctive relief be granted in part. (Doc. No. 111.)

The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty days after service. (Doc. No. 111, at 38-39.) On December 26, 2018, plaintiff filed objections to the findings and recommendations. (Doc. No. 113.) Defendants filed a response to plaintiff's objections on January 7, 2019. (Doc. No. 115.) On December 28, 2018, defendants filed their own objections to the findings and recommendations. (Doc. No. 114.) Plaintiff filed a response to defendants' objections on January 18, 2019. (Doc. No. 117.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including the parties' objections and responses to those objections, the court finds the findings and recommendations to be supported by the record and proper analysis, save and except as to the extent of the scope of the injunctive relief to be granted as explained below.

In summary, the magistrate judge found that plaintiff met his burden of demonstrating that preliminary injunctive relief should be granted, but that ordering that plaintiff be housed in a single cell was beyond the proper scope of relief. Instead, the magistrate judge recommended that an order issue requiring that plaintiff's central file be updated with a copy of an expert medical report prepared for this litigation by Dr. Mariposa McCall, M.D., dated July 13, 2018 (Doc. No. 112 at 1–65 (the "McCall Report")), for consideration by prison officials in making housing assignment determinations for plaintiff. Both parties have objected to this aspect of the findings and recommendations.

1         The court will first address defendants' objections to the pending findings and recommendations because they are broader in scope than plaintiff's objections. Defendants object generally that it would be an abuse of the court's discretion to grant plaintiff any preliminary injunctive relief in this case. They argue that the court should reject the pending findings and recommendations because the magistrate judge made clearly erroneous findings of fact and committed legal error by misapplying the applicable law therein.

        First, defendants argue that plaintiff did not have any serious medical need at the time plaintiff interacted with them. In support of this argument, defendants argue that the magistrate judge "failed to acknowledged that there have been periods of time during Plaintiff's incarceration where he has not been diagnosed with PTSD or has only been given a provisional diagnosis." (Doc. No. 114 at 12.) Certainly, there is evidence before the court which arguably cuts against a finding that plaintiff suffers from PTSD. However, there mere fact that exculpatory evidence exists cannot preclude the award of injunctive relief. Plaintiff is required to demonstrate a "likelihood of success on the merits," not certainty of success. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Defendants' objections on this point are unpersuasive.

        Defendants next assert that even assuming plaintiff did have a serious medical need, he has presented no evidence that any defendants acted with deliberate indifference to that need. In this regard, defendants argue that plaintiff was not diagnosed with PTSD until after he encountered them. (Doc. No. 114 at 11–13.) To the contrary, the reports summarized in the pending findings and recommendations discuss plaintiff's condition over a lengthy period of time, beginning with the 2007 event that the medical professionals found was the source of his PTSD, and continuing through the date of the testing. That summary includes an acknowledgement of the timing of the testing, the length of time that plaintiff had been found to be suffering from PTSD, and the findings regarding the change in plaintiff's symptoms over time. The magistrate judge properly considered and rejected defendants' argument that plaintiff was not diagnosed with PTSD until after he encountered them.

/////

3

1    Defendants next object that the findings and recommendations erred in finding that
2 plaintiff was likely to establish deliberate indifference because at most, they claim, he has shown
3 a mere difference of opinion, not a conscious disregard for his serious medical needs. (Doc. No.
4 114 at 14–16.) In support of this contention defendants cite caselaw in which deliberate
5 indifference was not found where plaintiffs have brought similar claims to those brought in this
6 case. Defendants assert that the findings and recommendations here contradict long-established
7 law and are therefore erroneous. Although the cases cited by defendants are relevant to the issue
8 before the court, the mere fact that courts have reached different conclusions under different
9 circumstances does not establish that the findings and recommendations in this case are flawed.
10 Cases like this one are, by their nature, fact-intensive.

11    Defendants next argue that the magistrate judge either ignored or minimized the evidence
12 before the court in the findings and recommendations. For instance, defendants point to several
13 incidents which, in their view, indicate that plaintiff is "feigning symptoms of PTSD" in order to
14 "manipulate his housing placement." (Doc. No. 114 at 16.) One of these facts is that, according
15 to defendants, plaintiff admitted to staging a fight in an attempt to persuade prison officials to
16 house him without a cellmate. Defendants' assertion that the findings and recommendations
17 "minimized" this fact, however, is a complete mischaracterization. The findings and
18 recommendations cited plaintiffs' history of fights or near-fights at several points throughout the
19 analysis set forth therein, and this history factored heavily into the magistrate judge's finding that
20 the failure to provide injunctive relief could well result in plaintiff suffering irreparable harm.
21 (Doc. No. 111 at 10–11, 13, 20–24, 27, 32–34.) Although defendants appear to interpret these
22 fights as establishing that plaintiff is feigning symptoms to manipulate his housing assignment,
23 that is certainly not the only reasonable interpretation to draw from the evidence before the court .
24 One could also conclude from this evidence that plaintiff's PTSD symptoms were so severe that
25 he was willing to risk serious physical injury in order to avoid being housed with a cellmate. In
26 sum, the court is satisfied that the magistrate judge properly considered all the relevant evidence
27 and properly applied the law governing applications for preliminary injunctive relief.
28 /////

| | |
|---|---|
| 1 | As noted above, both parties object to the scope and nature of injunctive relief |
| 2 | recommended by the magistrate judge. |
| 3 | Plaintiff objects to the magistrate judge's recommendation that the McCall Report be |
| 4 | placed in his central file, arguing that an order so requiring is too narrowly drawn to provide |
| 5 | sufficient relief under the circumstances. Plaintiff argues that CDCR staff will neither consider |
| 6 | the McCall Report nor properly apply governing policy in his case. Instead, he asserts that the |
| 7 | court must directly order defendant Diaz, as acting Secretary of CDCR, to house plaintiff in a |
| 8 | single-cell or, at a minimum, order an immediate review of plaintiff's need for single-cell status |
| 9 | in light of the McCall Report. *See* Cal. Code Regs. tit. 15, § 3376.1(d)(3) (requiring referrals to |
| 10 | the Dispute Resolution Board (DRB) when an institution head believes a DRB level decision for |
| 11 | placement of an inmate is required because of an unusual threat to the safety of persons or public |
| 12 | interest in the case). |
| 13 | Defendants also object to the placement of the McCall Report in plaintiff's central file |
| 14 | because, they contend, it implicates protections of plaintiff's health care information under the |
| 15 | Health Insurance Portability and Accountability Act ("HIPAA") of 1996. Defendants assert that |
| 16 | plaintiff's central file is available to non-medical, CDCR employees, and the medical assessment |
| 17 | in the McCall Report would normally be placed in plaintiff's health record, which is governed by |
| 18 | HIPAA-compliant restrictions. Cal Code Regs., tit. 15 § 3402; 45 C.F.R. § 164.508; Civ. Code § |
| 19 | 56.11. |
| 20 | Defendants' objections arising from HIPAA compliance issues are well taken. Therefore, |
| 21 | the court finds it appropriate to order that the McCall Report be placed in plaintiff's health record, |
| 22 | rather than in the central file. |
| 23 | Plaintiff's objections pose a more difficult question. The court is cognizant of the PLRA's |
| 24 | restrictions on the issuance of preliminary injunctive relief which "must be narrowly drawn, |
| 25 | extend no further than necessary to correct the harm the court finds requires preliminary relief, |
| 26 | and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also* |
| 27 | *Gilmore v. California*, 220 F.3d 987, 999 (9th Cir. 2000). |
| 28 | ///// |

However, in the undersigned's long experience in handling cases brought by prisoners under 42 U.S.C. § 1983, the facts of this case are extraordinary. The factual record presently before the court strongly suggests that plaintiff is suffering from PTSD, that officials at various CDCR facilities have been aware of plaintiff's condition for some time, that plaintiff's condition places him at risk of serious physical harm, and that plaintiff's housing assignments within CDCR have not been modified to account for this serious mental condition. While this court's ability to craft an injunctive remedy is circumscribed, it is not entirely curtailed. Moreover, having reviewed the factual history of this case, the court is skeptical that adding the McCall Report to plaintiff's health records, without more, would remedy this problem. Based upon the compelling evidence presented, the undersigned concludes that additional preliminary injunctive relief is warranted.

Balancing the factors discussed above, the court will order preliminary injunctive relief as follows. In addition to ordering that the McCall Report be placed in plaintiff's health records, the court furthers orders defendant Diaz to ensure that an immediate review is undertaken to determine whether plaintiff's condition requires that he be designated for single-cell status in light of the McCall Report. Written verification of compliance with this order must be filed with the court within thirty days after service of this order.

For these reasons,

1. The findings and recommendations issued on November 30, 2018 (Doc. No. 111) are adopted in part, as described above;
2. Plaintiff's request for preliminary injunctive relief, filed on February 2, 2018 (Doc. No. 62) is granted in part;
3. The McCall Report shall be placed in plaintiff's health record;
4. Defendant Diaz shall ensure that an immediate review is undertaken to determine whether plaintiff's condition requires that he be designated for single-cell status in light of the McCall Report; and

/////

/////

5. Written verification of compliance with this order must be filed with the court within thirty days after service of this order.

IT IS SO ORDERED.

Dated: **March 22, 2019**

_____
UNITED STATES DISTRICT JUDGE