UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | No. 1:15-cv-00987-DAD-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR FAILURE TO EXHAUST<br><br>(Doc. Nos. 51, 116) |

Plaintiff Jared M. Villery is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 17, 2019, the assigned magistrate judge issued findings and recommendations, recommending that defendants' partial motion for summary judgment be granted and that plaintiff's claims against defendants Carrizales, Naficy, Aithal, Seymour, Fisher, Pallares, Hernandez, and Miranda be dismissed without prejudice due to his failure to exhaust available administrative remedies prior to filing suit as required. (Doc. No. 116.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 21.) Following the granting of

1

multiple extensions of time to do so, plaintiff filed objections on August 1, 2019. (Doc. No. 137.) Defendants filed a response to those objections on August 7, 2019. (Doc. No. 138.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections and defendants' response, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, plaintiff largely reiterates arguments raised in his opposition to defendants' motion for summary judgment and addressed by the magistrate judge's findings and recommendations. First, plaintiff argues that the inmate grievances he filed at California State Prison, Los Angeles County and California Substance Abuse Treatment Facility in Corcoran sufficed to exhaust his claims against individuals employed at California Correctional Institution. Plaintiff is correct that an inmate grievance need not identify a defendant by name so long as the grievance is sufficient to "alert[] the prison to the nature of the wrong for which redress is sought." *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016). However, neither the decision in *Reyes* nor any other case cited by plaintiff stand for the proposition that an inmate grievance against one set of officials at one prison can also serve to exhaust a prisoner's claims against different prison officials at an entirely separate facility. The magistrate judge considered and rejected plaintiff's argument in this regard, finding that even when construed in the light most favorable to plaintiff, neither of plaintiff's inmate grievances raised concerns about anything that allegedly occurred at the California Correctional Institution. (Doc. No. 116 at 7–10.) Because the conduct of defendants Naficy, Aithal, Seymour, and Carrizales about which plaintiff complains in this action, was in no way referenced even tangentially in those two inmate grievances, those grievances could not serve to exhaust any administrative remedies as to plaintiff's claims against those defendants. The court therefore agrees with the magistrate judge's conclusion in this regard.

Next, plaintiff argues that because his Post-Traumatic Stress Disorder was an ongoing medical condition, he was not required to file multiple inmate grievances related to it. The magistrate judge addressed and rejected this argument, and in doing so conducted an exhaustive

review of the cases cited by plaintiff in support of his argument. (Doc. No. 116 at 12–16.) Plaintiff's objections cite to those same cases and reiterate plaintiff's previous arguments, but the court finds no basis raised upon which to disagree with the magistrate judge's comprehensive analysis.

Third, plaintiff argues that his administrative remedies were "effectively unavailable" because his inmate grievances were cancelled before reaching the third level of review, relieving plaintiff of his obligation to fully exhaust his claims. *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010). However, as the magistrate judge found, plaintiff's remedy if he disagreed with the cancellation of his grievances was to appeal that cancellation. The undisputed evidence before the court on summary judgment demonstrates that as to at least one of plaintiff's grievances, he did in fact appeal from the cancellation. Because plaintiff was plainly able to appeal an adverse administrative decision in this context, his administrative remedies were not unavailable to him and he was obligated to pursue them through the third level of review.

Finally, plaintiff argues generally that "CDCR's grievance rules are very unclear," and that because of their "opaque nature," he should be excused from complying with them. (Doc. No. 137 at 13–15.) In particular, plaintiff argues that he is a "well studied inmate litigator," and if he cannot discern which claims have and have not been exhausted, it is doubtful that any prisoner could reasonably do so. (*Id.* at 15.) The undersigned is sympathetic to plaintiff's argument— exhaustion of administrative remedies under the PLRA can present nuanced legal questions that frequently bedevil judges and litigants alike. It is no accident that appellate courts are called upon to resolve these issues with some regularity. *See, e.g.*, *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 792 (9th Cir. 2018); *Fuqua v. Ryan*, 890 F.3d 838, 846–47 (9th Cir. 2018); *Soto v. Sweetman*, 882 F.3d 865, 869–71 (9th Cir.), *cert. denied*, ___ U.S. ___, 139 S. Ct. 480 (2018). For someone untrained in the practice of law, these issues may be all the more mystifying. Nonetheless, while this court must allow plaintiff some leeway with respect to the reading of his pleadings before this court in light of his *pro se* status, exhaustion of administrative remedies under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Because the court

/////

3

agrees with the assigned magistrate judge that plaintiff did not exhaust those remedies as to certain of his claims, the court is obligated to dismiss those causes of actions.

Accordingly,

1. The findings and recommendations issued on January 17, 2019 (Doc. No. 116) are adopted in full;
2. Defendants' partial motion for summary judgment (Doc. No. 51) is granted;
3. Plaintiff's claims against defendants Carrizales, Naficy, Aithal, Seymour, Fisher, Pallares, Hernandez, and Miranda are dismissed, without prejudice, due to plaintiff's failure to exhaust available administrative remedies prior to filing suit as required; and
4. This matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **September 25, 2019**

UNITED STATES DISTRICT JUDGE