UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY, | Case No. 1:15-cv-00987-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO MODIFY PRELIMINARY INJUNCTION |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*, | (ECF No. 128) |
| | **FOURTEEN (14) DAY DEADLINE** |
| Defendants. | |

**I.  Background**

Plaintiff Jared M. Villery ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This case proceeds on Plaintiff's claim against Defendants Kendall, Acosta, Jones, Guerrero, Woodward, and Grimmig for deliberate indifference in violation of the Eighth Amendment, and against Defendant Diaz based on a policy to deny single cell housing for inmates with serious mental disorders due to overcrowding, in violation of the Eighth Amendment.[1]

///

---

[1] Effective March 1, 2019, Secretary Diaz has assumed the position as Secretary of the California Department of Corrections and Rehabilitation ("CDCR").  Under Federal Rule of Civil Procedure 25(d), Secretary Diaz should be substituted for former Secretaries Beard and Kernan with respect to Plaintiff's claim for a violation of his rights based on a policy promulgated in the Secretary's official capacity.

1

Plaintiff's claims arise out of allegations that he developed Post-Traumatic Stress Disorder ("PTSD") while in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff claims that at multiple institutions and over several years, his PTSD was not properly considered in determining his housing status.

On February 2, 2018, Plaintiff filed a motion for preliminary injunction, seeking an order directing the Secretary of CDCR to house him in a single-occupancy cell. (ECF No. 62.) On November 30, 2018, the Court issued findings and recommendations, recommending that Plaintiff's request for preliminary injunctive relief be granted in part. (ECF No. 111.) In summary, the undersigned found that Plaintiff met his burden to demonstrate that preliminary injunctive relief should be granted, but that ordering that Plaintiff be housed in a single cell was outside the appropriate scope of relief. Instead, the undersigned recommended ordering that Plaintiff's central file be updated with a copy of an expert medical report prepared for this litigation by Dr. Mariposa McCall, M.D., dated July 13, 2018 ("McCall Report", Doc No. 112, at 1–65), for consideration in making housing assignment determinations for Plaintiff. (ECF No. 111.)

Following the filing of objections by Plaintiff and Defendants, and their responses to the other's objections, the assigned District Judge adopted the findings and recommendations in part on March 25, 2019. (ECF No. 123.) Specifically, the District Judge ordered that the McCall Report be placed in Plaintiff's health record, as opposed to his central file, to avoid HIPAA compliance issues, and additionally ordered an immediate review to determine whether Plaintiff's condition requires that he be designated for single-cell status in light of the McCall Report. (Id.)

Pursuant to the District Judge's order adopting in part, Defendants filed a written notice of compliance, indicating that the McCall Report had been placed in Plaintiff's Unit Health Record, and on April 11, 2019, a Unit Classification Committee ("UCC") convened at Plaintiff's current institution to determine whether Plaintiff's condition requires that he be designated for single-cell status in light of the McCall Report. (ECF No. 126.)

///
///

## II. Motion to Modify the Preliminary Injunction

Currently before the Court is Plaintiff's May 15, 2019 motion to modify the preliminary injunction. (ECF No. 128.) Defendants filed an opposition on June 17, 2019, and Plaintiff filed his reply on July 15, 2019. (ECF Nos. 132, 136.)

In his motion, Plaintiff requests that the Court modify the preliminary injunction by expanding its scope, to compel Defendant Diaz to immediately place Plaintiff on single cell status and house him in a single occupancy cell at his current institution. (ECF No. 128.) Plaintiff argues that the April 11, 2019 unit classification committee, convened pursuant to the Court's order, disregarded the spirit of that order by ignoring the McCall Report and continued to refuse to accept any evidence establishing Plaintiff's long history of in-cell conflicts and violence. Plaintiff alleges that these actions constitute a deliberate violation of the Court's order and argues that prison officials' "ongoing indifference towards Plaintiff's rights expands the Court's authority to shape more restrictive relief for Plaintiff." (Id. at 19.) Plaintiff further argues that the outcome of the April 11, 2019 UCC constitutes new evidence, especially when combined with the April 25, 2019 opinions of Dr. Hobel and Dr. Lareau prepared for Plaintiff's May 2019 parole hearing and a declaration from one of Plaintiff's current dormmates.

In opposition, Defendants argue that Plaintiff's motion should properly be considered under the legal standard for a motion for reconsideration under Federal Rule of Civil Procedure 60(b). (ECF No. 132.) Defendants contend that they complied with the Court's order by including the McCall Report in Plaintiff's health record and holding the April 11, 2019 UCC. Further, Plaintiff has presented no new facts entitling him to broader relief, and any broader relief would impinge on prison administrators' ability to supervise and secure its prisons, as well as defy the PLRA's mandate that preliminary injunctive relief in cases brought by prisoners be narrowly drawn. (Id.)

Plaintiff replies that the UCC's determination was based on pretext, and the decision to keep Plaintiff in double cell housing constitutes changed circumstances such that modification of the preliminary injunction is necessary and appropriate. (ECF No. 136.) Plaintiff argues that Defendants have opened the door to the Court's consideration of the full McCall Report in

3

deciding his motion to modify the preliminary injunction, and after such consideration the Court should order Defendant Diaz to immediately house Plaintiff in a single cell. (Id.)

**III.     Discussion**

Initially, the parties disagree as to the appropriate legal standard for consideration of Plaintiff's motion. While Plaintiff argues that the motion should be viewed in light of Federal Rule of Civil Procedure 54(b) as an interlocutory order, Defendants argue that the motion is properly analyzed as a motion for reconsideration under Federal Rule of Civil Procedure 60(b).

Once a preliminary injunction is issued, district courts have "wide discretion" to modify it. Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright, 364 U.S. 642, 648 (1961) (holding that a district court has "wide discretion" to modify an injunction based on changed circumstances or new facts); see also Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 810 (9th Cir. 1963) (same). A district court retains the power to modify a preliminary injunction at any time upon the consideration of new facts. See A&M Records, Inc., v. Napster, Inc., 284 F.3d 1091, 1098 (9th Cir. 2002) (affirming modification of a preliminary injunction upon the consideration of new facts).

Similarly, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

///

4

The Court agrees with Plaintiff that an order granting a preliminary injunction is generally not considered a final order such that consideration under Rule 60 is appropriate. However, in the instant case the distinction is immaterial, as a motion to modify a preliminary injunction or a motion for reconsideration under Rule 60(b) both require Plaintiff to present new facts or changed circumstances that would provide a basis for the modification or reconsideration.

Upon the record before the Court, the undersigned finds that CDCR complied with the March 25, 2019 order requiring placement of the McCall Report in Plaintiff's health record and an immediate review to determine whether Plaintiff's condition requires that he be designated for single-cell status in light of the McCall Report. The fact that the review did not reach the conclusion Plaintiff desires does not constitute evidence that CDCR flouted the Court's order—in letter or in spirit—nor did the Court's order purport to guarantee that such review would result in Plaintiff being designated for single-cell status. Rather, the Court ordered only that the additional preliminary injunctive relief of an immediate review, with the benefit of the McCall Report in Plaintiff's health record, was warranted under the circumstances. That the outcome of the UCC was not to Plaintiff's liking does not constitute changed circumstances or new facts warranting modification of the preliminary injunctive relief already granted.

Plaintiff further argues that the Court should consider the substance of the McCall Report in deciding his motion to modify the preliminary injunction, as it declined to do so previously. However, as discussed when originally deciding Plaintiff's motion for preliminary injunction, the Court did review the McCall Report and found that it did not materially alter the findings and recommendations regarding Plaintiff's motion. (ECF No. 111, p. 7.) Assuming Plaintiff is not seeking reconsideration of the Court's original decision on his motion for preliminary injunction, which is Plaintiff's position, (ECF No. 136, p. 7), the Court does not find it necessary to review the substance of the McCall Report at this juncture.

Plaintiff's motion seeks not only the Court's consideration of the McCall Report, but an order compelling Defendant Diaz to immediately house Plaintiff in a single cell. In effect, Plaintiff argues that prison officials cannot be trusted to fully consider the McCall Report in making a determination of his housing status, and therefore the Court should step in and

substitute its judgment in the place of Defendant Diaz and his subordinates.

As discussed at length in the prior findings and recommendations, housing determinations for prisoners in the custody of CDCR are complex decisions peculiarly within the province of expert prison officials, involving a multitude of factors. (See ECF No. 111, p. 36.) Such a request, if granted, goes squarely against Supreme Court precedent, which has repeatedly held that courts must accord substantial deference to prison officials in the administration of matters dealing with the safety and security of their institutions, staff, and prisoners. See Bell v. Wolfish, 441 U.S. 520, 547 (1979) (prison administrators are entitled to "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security"); Overton v. Bazzetta, 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a correctional system and for determining the most appropriate means to accomplish them."); Norwood v. Vance, 591 F.3d 1062, 1066-67 (9th Cir. 2009) (quoting Whitley v. Albers, 475 U.S. 312, 322 (1986)) ("deference requires 'that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice'")).

Though Plaintiff submits various reports from new doctors and an additional declaration from his dormmate, his motion to modify is fundamentally based on the argument that the UCC's determination that he should remain in double cell housing, indicates CDCR's unwillingness and inability to make a reasoned decision in light of all the evidence available in his central and health file. Fundamentally, Plaintiff is arguing that if CDCR officials do not reach the conclusion he believes is correct, this is itself evidence of their bias against him and his claims. Such conclusory allegations are simply not sufficient for the Court to find that Plaintiff has presented changed circumstances or new facts such that modification of the preliminary injunction, and the extraordinary remedy proposed, is warranted.

**IV.     Recommendation**

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion to modify the preliminary injunction, (ECF No. 128), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 25, 2020**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE