# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　Defendants. | Case No.  1:15-cv-00987-DAD-BAM (PC)<br><br>ORDER RESETTING DISCOVERY AND DISPOSITIVE MOTION DEADLINES<br><br>Discovery Deadline: **June 11, 2021**<br>Dispositive Motion Deadline: **September 13, 2021** |

　　　　Plaintiff Jared M. Villery ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　This action proceeds against Defendants Kendall, Acosta, Jones, Guerrero, Woodard,[1] and Grimmig for deliberate indifference in violation of the Eighth Amendment, and against Defendants Allison[2] for promulgation of a policy to deny single cell housing for inmates with serious mental disorders in violation of the Eighth Amendment. Plaintiff's claims arise out of allegations that he developed Post-Traumatic Stress Disorder ("PTSD") while in the custody of

---

[1] Erroneously sued as "Woodward."

[2] Effective October 1, 2020, Secretary Allison has assumed the position of Secretary of the California Department of Corrections and Rehabilitation ("CDCR"). Under Federal Rule of Civil Procedure 25(d), Secretary Allison should be substituted for former Secretaries Beard and Kernan with respect to Plaintiff's claim for a violation of his rights based on a policy promulgated in the Secretary's official capacity.

the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff claims that at multiple institutions and over several years, his PTSD was not properly considered by prison officials in determining his housing status.

On January 17, 2019, the Court vacated the discovery and merits-based dispositive motion deadlines in order to resolve the pending partial motion for summary judgment based on Plaintiff's failure to exhaust available administrative remedies.  (ECF No. 116.)   The partial motion for summary judgment was granted pursuant to the District Judge's order of September 26, 2019.  (ECF No. 139.)  Plaintiff's motion to modify the preliminary injunction was denied on December 7, 2020.  (ECF No. 153.)

Accordingly, the Court finds it appropriate and necessary to reset the discovery and dispositive motion deadlines.  Fed. R. Civ. P. 16.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The deadline for the completion of all discovery, including filing all motions to compel discovery, shall be **June 11, 2021**.  Absent good cause, discovery motions will not be considered if filed after the discovery deadline.  Therefore, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel.
2. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) shall be **September 13, 2021**.
3. Any request for an extension of these deadlines must be filed on or before the expiration of the deadline.  <u>However, the parties are advised that an extension of time will only be granted upon a clear showing of good cause.</u>

IT IS SO ORDERED.

Dated:   **December 14, 2020**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

2