UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | No. 1:15-cv-00987-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTFF'S MOTION TO ALTER OR AMEND THIS COURT'S DECEMBER 7, 2020 ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE PRELIMINARY INJUNCTION<br><br>(Doc. No. 155) |

Plaintiff Jared M. Villery is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is plaintiff's "Motion to Alter or Amend" the undersigned's December 7, 2020 order (Doc. No. 153), in which the court adopted the assigned magistrate judge's February 25, 2020 findings and recommendations and denied plaintiff's motion to modify the preliminary

/////

/////

/////

/////

injunction that the court issued on March 25, 2019.[1]  (Doc. No. 155.)  Plaintiff asserts that the pending motion is timely brought "pursuant to Federal Rule of Civil Procedure 59(e)."  (Doc. No. 155 at 7–8.)  On January 21, 2021, defendants filed their opposition to plaintiff's pending motion to alter or amend the court's December 7, 2020 order.  (Doc. No. 156.)

## LEGAL STANDARD

Rule 59(e) "motions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented."  *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998), (rejecting "after thoughts" and "shifting of ground" as appropriate grounds for reconsideration under Rule 59(e)); *see also Goodlow v. Camacho*, No. 3:18-cv-0709-CAB-MDD, 2020 WL 6799381, at *1 (S.D. Cal. Nov. 19, 2020) (noting that parties may not use Rule 59(e) to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (citation omitted); *United States v. Westlands Water Dist.,* 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (noting that the moving party must show "more than a disagreement with the Court's decision, and [that] recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden"); *Costello v. U.S. Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) (noting that "courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment").

/////

---

[1]  On February 2, 2018, plaintiff had filed an emergency motion for a preliminary injunction, requesting that the court order defendants to house him in single-cell housing because he suffers from PTSD.  (Doc. No. 62.)  On March 25, 2019, the court adopted the magistrate judge's findings and recommendations in part, granted plaintiff's motion for preliminary injunctive relief in part, and ordered defendants to convene a review "to determine whether plaintiff's condition requires that he be designated for single-cell status in light of the McCall Report," an expert report prepared by Dr. Mariposa McCall that assessed plaintiff's mental health history and condition.  (Doc. No. 123 at 6.)  On April 19, 2019, defendants notified the court that it had convened a Unit Classification Committee ("UCC") to determine whether plaintiff's condition required him to be designated for single-cell status in light of the McCall Report.  (Doc. No. 126.)

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)).  A Rule 59(e) motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999).

**DISCUSSION**

In the pending motion, plaintiff argues that the court erred in denying his motion to modify the preliminary injunction that the court had issued in this case because:  (1) the court erroneously required plaintiff "to demonstrate changed circumstances or present new facts" in order to obtain the requested relief; (2) the court failed to consider the declarations of Captain Livingston and Dr. Gordon in evaluating plaintiff's claim that the UCC members had relied on an administrative policy to deny him single cell status; and (3) the court erroneously afforded deference to prison officials where none was due.  (Doc. No. 155 at 8–16.)

In their opposition, defendants urge the court to deny plaintiff's pending motion because his "attempt to rehash prior arguments and express his disagreement with the Court's reasoning is not a proper legal basis to grant such extraordinary relief." (Doc. No. 156 at 1.)

First, defendants argue that plaintiff is mistaken in his belief that he did not need to present new facts or changed circumstances when requesting the modification to the injunction— a burden that is well established in the Ninth Circuit. (*Id.* at 3.)  Defendants are correct in this regard.  The Ninth Circuit has held that "[a] party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston,* 233 F.3d 1166, 1170 (9th Cir. 2000); *see also Univ. of Haw. Prof'l Assembly v. Cayetano,* 125 F. Supp. 2d 1237, 1240 (D. Haw. 2000) ("[C]ourts have continuing jurisdiction to terminate, dissolve, vacate, or modify an injunction or an interlocutory order in the event that changed circumstances require it.") (citing *United States v.*

1    *Oregon,* 769 F.2d 1410, 1416 (9th Cir. 1985)).  Accordingly, the court concludes that it did not
2    commit clear error in denying plaintiff's motion to modify the preliminary injunction due to his
3    failure to show that changed circumstances or new facts warranted modification of the
4    preliminary injunctive relief that the court granted in this case.
5         Second, contrary to plaintiff's assertion that the declarations of Captain Livingston and
6    Dr. Gordon show that the UCC's decision to deny him single cell status was based on an
7    administrative policy to not provide inmates with the housing of their choice and not
8    accommodate an inmate's needs if it could conceivably lead other prisoners to seek similar relief,
9    defendants argue that "nothing in either declaration states that the UCC relied on such
10   administrative policy or that any such administrative policy exists." (Doc. No. 156 at 4.)  Here
11   too, defendants are correct.  Indeed, the statements made in those declarations do not show that
12   the UCC's decision to deny plaintiff single cell status was based on such an administrative policy.
13   In addition, contrary to plaintiff's assertion that the court had failed to consider the declarations in
14   ruling on his motion to modify the preliminary injunction, the court had in fact reviewed the
15   declarations in evaluating plaintiff's arguments at that time.  Accordingly, the court finds that it
16   did not commit clear error in considering those declarations and findings that the UCC's decision
17   was not based on the purported administrative policy that plaintiff had described.
18        Third, plaintiff contends that the court improperly afforded deference to correctional staff
19   in this case because there were no bona fide safety or security concerns that would conflict with
20   his medical need for single cell housing. (Doc. No. 155 at 14–16.)  Defendants counter that
21   "[p]laintiff again incorrectly contends that the determination of his housing status presents *only* a
22   question concerning appropriate mental health care, so this Court should not apply deference to
23   Defendants' housing decisions." (Doc. No. 156 at 4–5.)  According to defendants, the court did
24   not commit legal error in affording deference to correctional staff in this case because "there are
25   many factors staff take into account when making housing determinations and staff did not base
26   their decision solely on security concerns," and "[p]laintiff's mental health was one of the factors
27   considered by the UCC panel." (*Id.* at 5.)  The court agrees.  As the court explained in its order
28   denying plaintiff's motion to modify the preliminary injunction, the UCC did not base its decision

4

*solely* on purported security concerns. (Doc. No. 153 at 4–5.) The court did not err in finding that the UCC had considered several factors, including clinician input from the mental health team, which determined that single-cell housing in plaintiff's case was unwarranted. (*Id.* at 5.) Plaintiff's renewed focus on defendant's lack of demonstrated legitimate security concerns remains misplaced for the same reasons. Accordingly, the court finds that it did not erroneously afford correctional staff deference in deciding that plaintiff's requested modification to the preliminary injunction was not warranted.

Thus, because plaintiff has not shown that the court has committed clear error or made an initial decision that was manifestly unjust, the court will deny his pending motion to alter or amend this court's order denying plaintiff's motion to modify the preliminary injunction issued in this case.

**CONCLUSION**

For the reasons explained above, plaintiff's motion to alter or amend (Doc. No. 155) is denied.

IT IS SO ORDERED.

Dated: __**February 3, 2021**__    __*Dale A. Drozd*__
UNITED STATES DISTRICT JUDGE