# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 1:15-cv-00987-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br>(ECF No. 165)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR A TELEPHONIC CASE MANAGEMENT CONFERENCE<br>(ECF No. 168)<br><br>ORDER STAYING CASE PENDING RESOLUTION OF PLAINTIFF'S INTERLOCUTORY APPEAL |

　　　　Plaintiff Jared M. Villery ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds against Defendants Kendall, Acosta, Jones, Guerrero, Woodard,[1] and Grimmig for deliberate indifference in violation of the Eighth Amendment, and against Defendants Allison[2] for promulgation of a

---

[1] Erroneously sued as "Woodward."

[2] Effective October 1, 2020, Secretary Allison has assumed the position of Secretary of the California Department of Corrections and Rehabilitation ("CDCR"). The Court notes that under Federal Rule of Civil Procedure 25(d), Secretary Allison should be substituted for former Secretaries Beard and Kernan with respect to Plaintiff's claim for a violation of his rights based

1

policy to deny single cell housing for inmates with serious mental disorders in violation of the Eighth Amendment.  Plaintiff's claims arise out of allegations that he developed Post-Traumatic Stress Disorder ("PTSD") while in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff claims that at multiple institutions and over several years, his PTSD was not properly considered by prison officials in determining his housing status.

**I.      Introduction**

On December 15, 2020, the Court issued an order extending the deadline for the completion of all discovery, including filing all motions to compel discovery, to June 11, 2021.  (ECF No. 154.)  Currently before the Court is Plaintiff's motion to modify the discovery and scheduling order, dated June 11, 2021 and filed with the Court June 17, 2021.  (ECF No. 165.)  In response to the Court's order of July 12, 2021, Defendants filed an opposition to Plaintiff's motion on July 26, 2021.  (ECF No. 167.)  Plaintiff filed a reply on August 19, 2021.  (ECF No. 169.)

Plaintiff also filed a request for a telephonic case management conference on August 12, 2021.  (ECF No. 168.)  Defendants did not file a response, and the deadline to do so has expired.

Plaintiff's motion to modify the discovery and scheduling order and request for a telephonic case management conference are therefore deemed submitted.  Local Rule 230(l).

**II.     Motion to Modify the Discovery and Scheduling Order**

**A.      Parties' Positions**

In his motion, Plaintiff requests that the Court extend the current June 11, 2021 deadline for the filing of any motions to compel up to and including August 11, 2021, or by approximately 60 days.  (ECF No. 165.)  Plaintiff argues that he diligently pursued discovery when it was opened on October 3, 2017, until it closed on June 4, 2018, but Defendants refused to produce the majority of documents he requested and responded to his discovery requests with boilerplate objections and vague and evasive answers.  Although Plaintiff filed a motion to extend the discovery deadline by six months on May 29, 2018, during which time Plaintiff was prosecuting

---

on a policy promulgated in the Secretary's official capacity.

2

1  only one other action, the Court did not rule on his motion until January 17, 2019, when the Court
2  vacated the discovery and dispositive motion deadlines in this action.  (*See* ECF No. 116.)  On
3  December 15, 2020, the Court reset the discovery deadline to June 11, 2021.  (ECF No. 154.)
4  However, Plaintiff states that he was unable to access his legal materials for this action until April
5  7, 2021, after which he served interrogatories and requests for production on Defendant Allison
6  on April 26, 2021.  (ECF No. 165.)  Plaintiff argues that Defendant Allison did not substantively
7  respond to any of the interrogatories or produce any records in response to his requests for
8  production.  Due to COVID restrictions that were put in place in March 2020, Plaintiff's ability to
9  conduct legal research was severely curtailed since discovery was reopened in December 2020.
10 Furthermore, when discovery was reopened, Plaintiff was in the middle of "protracted, complex
11 discovery activities" in three other cases he was prosecuting, and he was forced to prioritize those
12 cases because he was instructed that he would be permitted no further extensions of time in those
13 actions.  These other actions prevented him from preparing any motions to compel in this case.
14 Plaintiff is requesting an extension of the discovery deadline so he can prepare a motion to
15 compel with respect to Defendant Allison's responses to his April 2021 discovery requests, as
16 well as with respect to the remaining Defendants' responses to his discovery requests served in
17 December 2017 and May 2018.  (*Id.*)
18     In opposition, Defendants argue that any motion to compel regarding Defendant Allison's
19 responses to Plaintiff's April 2021 discovery requests is moot, as Defendants served Plaintiff with
20 supplemental responses to those requests on July 23, 2021.  (ECF No. 167-1.)  In addition,
21 Plaintiff fails to establish good cause as to why Plaintiff should be permitted to file a motion to
22 compel against all Defendants more than three years after Plaintiff was served with the last of
23 those responses.  Defendants contend that Plaintiff's litigation in other cases, and his appeal to the
24 Ninth Circuit in the instant action, do not establish good cause to reopen or extend discovery to
25 dispute discovery responses from 2018.
26     Plaintiff argues in reply that Defendants have misrepresented the history of the discovery
27 deadlines in this action and failed to rebut or even address any of the circumstances set forth in
28 Plaintiff's motion supporting his need for modification of the scheduling order.  (ECF No. 169.)

Plaintiff contends that Defendant Allison's supplemental responses also consist of boilerplate answers to his interrogatories which are mislabeled in a way that makes them difficult to decipher, and fail to provide the majority of documents requested. Further, Plaintiff states that he attempted to resolve his earlier discovery disputes through the informal meet-and-confer process, but the former defense counsel in this action refused to supplement any of the other Defendants' discovery responses. (*Id.*)

### B. Discussion

Discovery was first opened in this action on October 3, 2017, and closed on June 4, 2018. (ECF No. 33.) Plaintiff filed a motion to modify the discovery and scheduling order on May 29, 2018, indicating that he needed additional time to submit motions to compel regarding Defendants' discovery responses. (ECF No. 85.) That motion requested an extension of six months. (*Id.*) Following extensive briefing on Defendants' partial motion for summary judgment based on the failure to exhaust available administrative remedies and Plaintiff's motions for preliminary injunction and to modify the preliminary injunction, the Court reset the discovery deadline on December 15, 2020. (ECF No. 154.) Discovery was reopened for another six months, to June 11, 2021, the amount of time Plaintiff had initially requested for preparation of his motions to compel in 2018. (*Id.*)

Plaintiff now argues that he truly had only two months to conduct additional discovery and prepare his motions to compel, because he was not able to access his legal property for this case until April 7, 2021. However, Plaintiff did not advise the Court that he was experiencing any difficulties accessing his property until his June 17, 2021 motion to modify the discovery and scheduling order. In addition, during the time when he was apparently without access to his legal materials for this case, Plaintiff successfully filed a motion to alter or amend the Court's order adopting findings and recommendations denying Plaintiff's motion to modify the preliminary injunction on January 5, 2021, (ECF No. 155), a reply brief in support on February 11, 2021, (ECF No. 159), and a notice of appeal as to the Court's order adopting and order denying his motion to alter or amend the order adopting the findings and recommendations to deny Plaintiff's motion to modify the preliminary injunction and order on March 9, 2021, (ECF No. 161).

1   Finally, rather than notifying the Court that he required additional time to prepare the anticipated
2   motions to compel, Plaintiff instead prepared and served additional discovery requests on
3   Defendant Allison on April 26, 2021.  Accordingly, the Court finds that Plaintiff had ample
4   opportunity to either prepare the motions or request additional time to do so.  It was Plaintiff's
5   choice to pursue a strategy focused on his motion for preliminary judgment and the later motions
6   for reconsideration and appeal that followed, as well as his choice to draft additional discovery
7   requests to Defendant Allison rather than preparing motions to compel regarding Defendants'
8   earlier discovery responses.

9       Plaintiff also argues that he did not have sufficient time to prepare his motions to compel
10  to the December 2017 and May 2018 discovery requests because he attempted to meet and confer
11  with defense counsel regarding Defendants' responses, and that by the time the Court granted his
12  request for an additional six months of discovery, he was involved in protracted and complex
13  discovery activities in three other cases he is prosecuting.  While it was laudable for Plaintiff to
14  pursue a meet and confer strategy, as the Court's discovery and scheduling order encourages
15  (ECF No. 33, p. 2), that strategy does not absolve Plaintiff from complying with the Court's
16  deadlines.  Plaintiff chose to pursue multiple lawsuits concurrently, and it was Plaintiff's
17  responsibility to prioritize those suits and to inform the Court if he was unable to meet the
18  deadlines—without waiting until the day of the deadline to so inform the Court.

19      As to Plaintiff's request to file a motion to compel regarding Defendant Allison's
20  discovery responses, the Court finds that this request is unnecessary in light of Defendant
21  Allison's supplemental responses.  The Court has reviewed Plaintiff's reply brief arguing that a
22  motion to compel remains warranted and his arguments summarizing what would be presented in
23  any motion to compel, but the Court is not persuaded.  Plaintiff's mere disagreement with
24  Defendant Allison's responses is not sufficient to warrant a late motion to compel. Plaintiff's
25  position that the supplemental responses are also boilerplate or did not generate the number of
26  documents Plaintiff anticipated is not a justification for further supplemental responses.
27  ///
28  ///

**III.     Request for Telephonic Case Management Conference**

Plaintiff also requests that the Court set this case for a telephonic case management conference to address: (1) the need to stay all dispositive proceedings pending resolution of Plaintiff's interlocutory appeal before the Ninth Circuit, Case No. 21-15425; (2) the possibility of resolving this case through a settlement conference; and (3) the need to schedule an informal telephonic discovery conference to address Defendants' discovery responses.  (ECF No. 168.)  As Defendants have not filed a response and the deadline to do so has expired, the Court evaluates only Plaintiff's position on these issues.

In light of the above discussion regarding Plaintiff's motion to modify the discovery and scheduling order, the Court finds that a status conference to discuss Defendants' discovery responses is unnecessary.

With respect to Plaintiff's request for a settlement conference, Plaintiff argues that although he requested that the Court vacate a settlement conference set for October 18, 2018 on the basis that it would be futile, (ECF No. 106), he now believes a settlement conference would be more productive because new defense counsel has since been assigned to this action. However, in light of Defendants' failure to respond to Plaintiff's motion and the filing of their motion for summary judgment on September 13, 2021, (ECF No. 170), it does not appear that Defendants agree that a settlement conference would be beneficial at this time.  The parties are reminded that they may communicate regarding possible settlement without the Court's involvement, and if they feel that a judicial settlement conference would be productive in the future, they may so jointly inform the Court.

Finally, as discussed below, the Court finds that a telephonic case management conference is unnecessary to decide the question of whether a stay pending resolution of Plaintiff's interlocutory appeal is warranted.

**IV.     Stay Pending Resolution of Interlocutory Appeal**

The Court finds that Plaintiff has raised a jurisdictional question regarding the filing of his interlocutory appeal.  "The filing of a notice of appeal is an event of jurisdictional significance— it confers jurisdiction on the court of appeals and divests the district court of its control over those

aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, "[a]bsent a stay, an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case, and an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990) (quoting *Manual for Complex Litigation* Sections 25.11, 25.16 (2d ed.)). Thus, before the Court goes forward with the case, it must determine whether Plaintiff is seeking review of a "collateral order" of the type discussed in *Britton*. If so, the Court and parties could proceed as planned. If the Court's ruling on Plaintiff's motion is inextricably bound up with the merits of this action, however, jurisdiction of all proceedings in this case are called into question and proper prudence suggests this Court refrain from taking further action. *See City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal.")

Plaintiff argues that his pending appeal from the Court's denial of his motion to modify the preliminary injunction in this action is likely to have a material impact on the legal standard used by the Court in resolving any dispositive motions, and on the type of instructions the Court would give to a jury in this case. Specifically, Plaintiff argues that his appeal focuses primarily on whether Plaintiff's claims are properly construed as general conditions of confinement claims, or whether they are more accurately defined as claims of deliberate indifference to Plaintiff's serious mental health needs. If his claims are conditions of confinement, prison officials would be entitled to deference. However, if the claims are construed as medical deliberate indifference, prison officials would not be entitled to any deference to their decisions regarding Plaintiff's housing. As noted above, Defendants did not respond to Plaintiff's motion, and therefore have not presented their position.

The Court finds that it is possible that the Ninth Circuit Court of Appeals may decide the legal question that Plaintiff has presented in his appeal, and that such decision may have a material impact on the merits of this action. Should the Ninth Circuit agree with Plaintiff, the

7

merits of the case will not include deference to Defendants' decisions. Accordingly, the Court finds that, in the interest of judicial economy, this action should be stayed pending resolution of Plaintiff's interlocutory appeal. Following resolution of the appeal, the Court will issue a further order regarding the briefing schedule for Defendants' motion for summary judgment. The Court also finds that the discovery and case management issues otherwise resolved by the instant order are collateral to the matters that are the subject of the appeal, and the Court has jurisdiction to decide those issues.

**V.     Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to modify discovery and scheduling order, (ECF No. 165), is DENIED;
2. Plaintiff's request for a telephonic case management conference, (ECF No. 168), is DENIED;
3. This case shall be STAYED until the pending appeal, Case No. 21-15425, is resolved; and
4. The deadline for Plaintiff to file his opposition to Defendants' motion for summary judgment, (ECF No. 170), is VACATED pending further order of the Court.

IT IS SO ORDERED.

Dated:    **September 22, 2021**              /s/ *Barbara A. McAuliffe*           
                                                      UNITED STATES MAGISTRATE JUDGE