**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Case No. 1:15-cv-00987-ADA-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER<br><br>(ECF No. 180)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jared M. Villery ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Kendall, Acosta, Jones, Guerrero, Woodward,[1] and Grimmig for deliberate indifference in violation of the Eighth Amendment, and against Defendant Allison[2] for promulgation of a policy to deny single cell housing for inmates with serious mental disorders in violation of the Eighth Amendment. Plaintiff's claims arise out of allegations that he developed

---

[1] Erroneously sued as "Woodard."

[2] Effective October 1, 2020, Secretary Allison has assumed the position of Secretary for the California Department of Corrections and Rehabilitation. The Court notes that under Federal Rule of Civil Procedure 25(d), Secretary Allison should be substituted for former Secretaries Beard and Kernan with respect to Plaintiff's claim for a violation of his rights based on a policy promulgated in the Secretary's official capacity.

1

Post-Traumatic Stress Disorder ("PTSD") while in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff claims that at multiple institutions and over several years, his PTSD was not properly considered by prison officials in determining his housing status.

For the reasons that follow, the Court recommends that this action be dismissed, with prejudice.

**I.   Background**

On September 13, 2021, Defendants filed a motion for summary judgment.  (ECF No. 170.)  Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment.  *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 170-7.)

At the time, Plaintiff had filed an interlocutory appeal with the Ninth Circuit Court of Appeals, Case Number 21-15425, regarding the Court's order denying Plaintiff's motion to modify the preliminary injunction issued in this action and denial of Plaintiff's motion to alter or amend judgment.  (ECF No. 160.)  On September 23, 2021, the Court found it appropriate to stay this action pending resolution of Plaintiff's interlocutory appeal.  (ECF No. 171.)

On October 19, 2022, upon resolution of the interlocutory appeal, the Court issued an order lifting the stay of this action and resetting the briefing schedule for Defendants' motion for summary judgment.  (ECF No. 180.)  Plaintiff was directed to file an opposition or statement of non-opposition to Defendants' September 13, 2021 motion for summary judgment within thirty (30) days from the date of service of the Court's order.  (*Id.* at 2.)  Plaintiff was warned that failure to file an opposition or statement of non-opposition in compliance with the Court's order would result in dismissal of this action, with prejudice, for failure to prosecute.  (*Id.*)  Plaintiff's opposition was due on or before November 21, 2022.  (*Id.*)

On December 2, 2022, Defendants filed a "Notice of Non-Opposition to Defendants' Motion for Summary Judgment."  (ECF No. 181.)  Although docketed as a "Statement of Non-Opposition," such as Defendants might file in response to a motion filed by Plaintiff to which they had no opposition, it appears to be a notice to the Court that Defendants have not received an

opposition to their motion for summary judgment, and a request that the Court dismiss this action with prejudice for failure to prosecute. (*Id.*)

Since lifting the stay of this action and directing Plaintiff to file an opposition or statement of non-opposition to Defendants' motion for summary judgment, the Court has received no communications from Plaintiff.

## II. Discussion

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending for more than seven years, and Plaintiff's response or opposition to Defendants' motion for summary judgment is overdue. Plaintiff was warned that his failure to comply with the Court's order would result in dismissal of this action, with prejudice, for failure to prosecute. Plaintiff has failed to comply.

Plaintiff is obligated to comply with the Local Rules and was informed by Defendants of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all

1  applicable rules and Defendants' notice, Plaintiff did not file an opposition.  Plaintiff has not
2  provided any indication that he is attempting to prepare, or that he intends to submit, an
3  opposition to Defendants' summary judgment motion, despite being provided an opportunity to
4  do so.  The Court cannot effectively manage its docket if a party ceases litigating the case.  Thus,
5  both the first and second factors weigh in favor of dismissal of this action.

6        The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because
7  a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
8  action.  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Because public policy favors
9  disposition on the merits, the fourth factor usually weighs against dismissal.  *Pagtalunan v.*
10 *Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party
11 whose responsibility is to move a case toward disposition on the merits but whose conduct
12 impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA)*
13 *Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

14       Finally, the Court's warning to a party that failure to obey the Court's order will result in
15 dismissal satisfies the "considerations of the alternatives requirement." *Ferdik*, 963 F.2d at 1262;
16 *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's October 19, 2022 order lifting
17 the stay of this action expressly warned Plaintiff that if he failed to comply with that order, this
18 matter would be dismissed, with prejudice, for failure to prosecute.  (ECF No. 180, p. 2.)  Thus,
19 Plaintiff had adequate warning that dismissal of this action could result from his noncompliance.
20 At this stage in the proceedings there is little available to the Court which would constitute a
21 satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its
22 scarce resources.  Plaintiff is proceeding *in forma pauperis* in this action, making monetary
23 sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given
24 that Plaintiff has ceased litigating this case.

25       In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to
26 expend resources resolving an unopposed dispositive motion in a case that has been pending for
27 more than seven years, which Plaintiff is no longer prosecuting.
28 ///

**III.   Recommendation**

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 6, 2022**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE