UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD KENDALL, et al.,<br><br>    Defendants. | No. 1:15-cv-00987-ADA-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 182) |

Plaintiff Jared M. Villery ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Kendall, Acosta, Jones, Guerrero, Woodward,[1] and Grimmig for deliberate indifference in violation of the Eighth Amendment, and against Defendant Macomber[2] for promulgation of a policy to deny single cell housing for inmates with serious mental disorders in violation of the Eighth Amendment. Plaintiff's claims arise out of allegations that he developed Post-Traumatic Stress Disorder ("PTSD") while in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff claims that at multiple institutions and over several years, his

---

[1] Erroneously sued as "Woodard."

[2] Effective December 12, 2022, Secretary Macomber has assumed the position of Secretary for the California Department of Corrections and Rehabilitation. The Court notes that under Federal Rule of Civil Procedure 25(d), Secretary Macomber should be substituted for former Secretaries Beard, Kernan, and Allison with respect to Plaintiff's claim for a violation of his rights based on a policy promulgated in the Secretary's official capacity.

1    PTSD was not properly considered by prison officials in determining his housing status.

2          On September 13, 2021, Defendants filed a motion for summary judgment. (ECF No. 170.)
3    Plaintiff was provided with notice of the requirements for opposing a motion for summary
4    judgment. (ECF No. 170 -7); *see Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988).

5          On September 23, 2021, the assigned Magistrate Judge stayed this action pending Plaintiff's
6    interlocutory appeal with the Ninth Circuit Court of Appeals, Case Number 21-15425. (ECF No.
7    171.) On October 19, 2022, upon resolution of the interlocutory appeal, the Magistrate Judge issued
8    an order lifting the stay of this action and resetting the briefing schedule for Defendants' motion
9    for summary judgment. (ECF No. 180.) Plaintiff was directed to file an opposition or statement
10   of non-opposition to Defendants' motion for summary judgment within thirty days from the date
11   of service of the Court's order, and was warned that failure to file an opposition or statement of
12   non-opposition in compliance with the Court's order would result in dismissal of this action, with
13   prejudice, for failure to prosecute. (*Id.* at 2.)

14         On December 2, 2022, following the expiration of the deadline for Plaintiff to file his
15   opposition, Defendants filed a "Notice of Non-Opposition to Defendants' Motion for Summary
16   Judgment," notifying the Court that Defendants had not received an opposition to their motion for
17   summary judgment and requesting that the Court dismiss this action with prejudice for failure to
18   prosecute. (ECF No. 181.)

19         On December 6, 2022, the Magistrate Judge issued findings and recommendations
20   recommending dismissal of this action, with prejudice, for failure to prosecute and for failure to
21   obey a court order. (ECF No. 182.) Those findings and recommendations were served on the
22   parties and contained notice that any objections thereto were to be filed within fourteen days after
23   service. (*Id.* at 5.) No objections have been filed, and the deadline to do so has passed. Plaintiff
24   has not otherwise communicated with the Court regarding this action.

25         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
26   *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the
27   Magistrate Judge's findings and recommendations are supported by the record and by proper
28   analysis.

Accordingly,

1. The findings and recommendations issued on December 6, 2022, (ECF No. 182), are ADOPTED IN FULL;

2. This action is dismissed, with prejudice, for failure to prosecute and failure to obey a court order; and

3. The Clerk of the Court is directed to terminate all pending motions and close this case.

IT IS SO ORDERED.

Dated: January 25, 2023

_____
UNITED STATES DISTRICT JUDGE

3